U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 1 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

FRANKLIN XAVIER (#02274-094)     DOCKET NO. 15-CV-2132; SEC. P

VERSUS     JUDGE DEE D. DRELL

WARDEN     MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Franklin Xavier. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. He claims that he is innocent of the crime for which he was convicted.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

Petitioner was convicted of unauthorized possession of a firearm in violation of 14 V.I.C. §§ 2253(a) and 11(a) (Count 9) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 922(a)(2) (Count 7). He was sentenced to a term of incarceration of fifteen (15) years on Count 9 with a fine of Twenty-Five Thousand Dollars ($25,000), and ten (10) years on Count 7, both counts to be served concurrently. See United States v. Xavier, No. CR 2008-018, 2013 WL 3993027, at *1 (D.V.I. Aug. 2, 2013).

Petitioner appealed, and the United States Court of Appeals for the Third Circuit affirmed the judgment of conviction on December 8, 2010. See United States v. Xavier, 483 Fed. App'x 754 (3d Cir. 2012).

Petitioner timely filed a Section 2255 motion in the district court of conviction arguing that he was deprived of his Sixth Amendment right to effective assistance of counsel: (1) for failing to subpoena the Government's DNA expert; (2) for failing to properly voir dire and object to the Government's key witness; (3) for failing to object to the disclosure of his prior felony conviction to the jury; (4) for failing to object to the admission of a prior incident on January 25, 2008 where Petitioner brandished and discharged a gun at a gas station; (5) for failure to object to the witness's testimony that he threatened to kill her and her family if she testified against him; (6) for failing to object to the enhancement of his sentence under 14 V.I.C. §62; and (7) for failure to cross examine the Government's witness. See United States v. Xavier, No. CR 2008-018, 2013 WL 3993027, at *1 (D.V.I. Aug. 2, 2013). The motion to vacate was denied. As to the DNA issue, the district court determined that there was sufficient evidence, without DNA evidence, to prove Petitioner guilty of possession of a firearm when considered along with other evidence presented at trial in support of the two remaining elements of the offense. See id. at 5.

In his §2241 petition before this Court, Petitioner claims that he is actually innocent of the crime and that, had the government produced DNA evidence at trial, Petitioner would have been exonerated.

### Law and Analysis

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner seeks to collaterally attack his conviction. Thus, Petitioner's claim is more appropriately raised in a §2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to §2241 if the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent

3

offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. See Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. See Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner does not cite any Supreme Court decision that is retroactively applicable and which establishes that he was convicted of a nonexistent offense, nor does he show that the claims were "foreclosed" by the Third Circuit at the time of his trial, direct appeal, or first §2255 motion. See Reyes-Requena, 243 F.3d at 904. To the extent that Petitioner contends that the "actual innocence" or "miscarriage of justice" standards provide an exception to the requirement that a petitioner must qualify under the savings clause of §2255 to challenge his conviction and sentence in a §2241 petition, the claim fails as the Fifth Circuit has consistently held that federal habeas law does not recognize a freestanding actual innocence claim. See Foster v. Quarterman, 466 F.3d 359, 367-68 (5th Cir. 2006).

4

Before filing a second or successive Section 2255 petition, Petitioner must get approval from the appropriate Court of Appeals. The instant petition for writ of habeas corpus must be dismissed for lack of jurisdiction. See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITHOUT PREJUDICE** because the Court lacks jurisdiction to consider these claims.

## Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM**

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 30th day of November, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE